## THE STATE v. STEVE CLARK, Appellant.

Division Two, November 18, 1902.

**Murder: FACTS IN EVIDENCE.** Defendant and deceased, who was a woman of bad reputation, were living together as man and wife. He became jealous of the attention to her of another man, and informed her that it must be stopped and threatened to kill her if he found her with him again. She and another woman visited a wineroom together, and while they were there or near there defendant discovered that deceased and the other man were together, and a quarrel ensued between the men, in which some of the evidence shows that deceased participated. Thereupon the woman returned to her home and was on the back porch when defendant came soon afterwards, and entered the house, procured a butcher knife and went to the porch and told the woman that he was going to kill her and then kill himself; that he had told her that she must not associate with the other man, and that if she did he

would kill her. He testified that he went through the house and got the knife because he thought he heard the other man talking on the porch and that he was afraid of him and took the knife to protect himself; that the woman had a knife in her hand and assaulted him with it, at which he became enraged and assaulted and killed her while in a violent passion. A small knife was found half-open in the hands of the woman after her death. *Held*, that the verdict of murder in the first degree was well authorized by the evidence.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*S. M. Chapman, Jno. H. Raney* and *L. R. Thomason* for appellant.

*Edward C. Crow,* Attorney-General, for the State.

I have read the whole record and fail to find any prejudicial error in the action of the trial court in admitting or rejecting testimony. The court properly instructed the jury and there is, in my judgment, no reversible error in the record, and the judgment should be affirmed.

BURGESS, J.—On October 19, 1901, the defendant was convicted in the circuit court of Butler county of murder in the first degree, under an information theretofore filed by the prosecuting attorney of said county, charging him with willfully, deliberately, premeditatedly and of his malice aforethought cutting and stabbing to death with a knife at said county on the twenty-fifth day of June, 1901, one Pearl Clark. Motions were thereafter presented by him for a new trial, and in arrest, which being overruled, he appeals.

The facts briefly stated are, that defendant and Pearl Clark the deceased, were living together as man and wife. She was of bad reputation, and defendant became jealous of the attention to her of one Ed. Lewis,

and had told her that it must be stopped, and threatened to kill her if he found her with him again.

On the evening of June 25th, the deceased and Maggie Dawson visited a wineroom in Poplar Bluff, the city in which they lived, and while there or near there defendant discovered that Lewis and deceased were together, and thereupon a quarrel ensued between Lewis and defendant in which some of the evidence tends to show that deceased participated. At about six o'clock on that evening deceased returned to her house, and was there when defendant came shortly thereafter. He immediately entered the house, and procured a butcher knife, and went to the back porch where the deceased was, and said to her that he was going to kill her and then kill himself; that he had told her she must not associate with Lewis and that if she did he would kill her. She insisted that defendant should behave himself, whereupon he began to cut and stab her with the knife and continued to do so until she fell and soon died from the effects of the wounds inflicted upon her by defendant.

The defendant testified that he went through the house and got the butcher knife from the dining-room table, because he thought he heard Lewis talking on the porch in the rear and he was afraid of Lewis and took the knife to protect himself. That Pearl Clark had a knife in her hand and that she assaulted him and that he became enraged when she struck him with the knife and that he assaulted and killed her while in a violent passion. A small pen knife was found half-open in the hand of the woman after she was dead. The defendant was arrested and stated to the officers who arrested him that he did the killing and that no one else had anything to do with the matter.

The court instructed the jury upon murder in the first degree and manslaughter in the fourth degree.

Defendant is not represented by counsel in this court, but was in the court below, who, after verdict, filed motions for a new trial and in arrest, assigning

Vol 170 mo—14.

many grounds therefor, but only such of them as seem to have merit will be considered.

A careful reading of the record has satisfied us that the verdict was well warranted by the evidence, and that the jury in the observance of their oath, could not have made any other or different verdict than the one that they did make, for under the evidence defendant was clearly and manifestly guilty of murder in the first degree.

All of the instructions given upon the part of the State are criticised, but without any grounds therefor. They covered every phase of the case, and were very fair to the defendant.

Several grounds are assigned in the motion in arrest which go to the validity of the information, all of which were so recently considered and passed upon by the court in Banc in the case of State v. Kyle, 166 Mo. 287, and decided adversely to defendant's contention, that we do not feel that it would serve any useful purpose or be of any benefit to defendant to reconsider them.

The homicide was of the most brutal character, and without cause or excuse. Defendant had a fair and impartial trial and we can but affirm the judgment and direct the sentence of the law to be executed.

It is so ordered. All of this Division concur.